## No. 11,381.

KITER, ADMINISTRATOR *v.* HOME SAVINGS AND TRUST CO.

Decided Deecmber 7, 1925.

Action against banking corporation for amount of funds on deposit. Judgment on one cause of action only.

*Reversed.*

*On Application for Supersedeas.*

1. TENDER—*Withdrawal by Plaintiff—Effect.* In an action against a banking corporation, one cause of action being for the amount due in a checking account, the other for the amount of a savings account, a tender was made of the amount in the savings account without any specification that it was to cover both accounts. Plaintiff being allowed to draw the amount of the tender was not precluded from proceeding on the cause of action involving the checking account.

2. APPEAL AND ERROR—*Separate Counts—Judgment.* In an action against a banking corporation, one count of the complaint being for money in a checking account, the other for the amount of a savings account, it was error to render judgment for the amount of the savings account only, without any trial of the other issues, and error to enter satisfaction of such judgment.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. HAROLD G. KING, for plaintiff in error.

Mr. JAMES J. SULLIVAN, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action against a banking corporation to recover moneys deposited by plaintiff, as administrator, and by plaintiff's intestate. The complaint, filed September 21, 1921, sets up two causes of action. The first alleges, in substance, the existence of a checking account in the sum of $5,478.79. The second cause of action involves a savings account, alleged to amount to $3,128.25. On February 2, 1922, an amended answer was filed by defendant, denying the existence of the checking account, because of the cashing of a check for $6,000, and fixing the amount of the savings account at $2,527.09. The replication denies the issuance of the $6,000 check against the checking account. As to the savings account, there is now no controversy.

Defendant tendered into court the amount of the savings account, and plaintiff withdrew the money. Thereafter, on motion of defendant, the court entered judgment in favor of plaintiff for the amount of the savings account, and at the same time entered satisfaction of the judgment. There was no trial upon the merits as to plaintiff's first cause of action, which involved the question of fact whether plaintiff had ever issued a check for $6,000.

There is nothing in the record to show that defendant tendered the amount of the savings account into court upon the condition that if it is accepted by plaintiff, it shall be accepted in satisfaction of *all* plaintiff's claims. At the time the court allowed plaintiff to withdraw the amount of the tender, $2,527.09, it did not order that such withdrawal, if made, shall be an award and satisfaction of all of plaintiff's demands. Under the circumstances of this case we must assume that the tender was to cover the second cause of action only. Plaintiff was entitled to be allowed to proceed upon his first cause of action, which involved different funds. 38 Cyc. 177, 178. There is nothing in the record affording any reason why plaintiff should be barred from recovering upon his checking account, if one exists, merely because he accepted a tender of a sum admitted to belong to the savings account.

It was error to render judgment only for the amount of

the savings account, without any trial upon issues involved in the controversy over the checking account, and it was error to enter a satisfaction of such judgment.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.